# THE UNITED STATES OF AMERICA *vs.* LEE SA KEE.

## March 3, 1908.

*Adultery — Marriage — Ceremony*: Whatever the form of marriage ceremony, whether that provided by the laws of Hawaii, the customs of China, or otherwise, or if all ceremony was dispensed with, if the parties agreed presently to take each other as husband and wife, and from that time lived professedly in that relation, such facts are sufficient to constitute a marriage binding upon the parties, and a disregard of its obligations by them, or by others, subjects the offenders to legal penalties. *Meister v. Moore,* 96 U. S. 76, 82, followed.

*Same—Marriage—Ceremony—Evidence*: Evidence tending to show the celebration of the marriage in accordance with the Chinese customs, or the observance of any of the Chinese marriage customs, is admissible to establish the fact of a mutual agreement to become husband and wife. But the observance of the Chinese marriage rites is not conclusive, and if

the ceremony is used only to effectuate an alliance between a man and a concubine, the marriage relation is not thereby created.

*Same—Marriage—Evidence*:   The fact that a man and woman cohabit, and that they are considered by many to be husband and wife, is not sufficient to show a contract of marriage; yet if there is evidence tending to show a mutual agreement to become husband and wife, subsequent cohabitation, especially if long continued, and recognition by others as husband and wife, may be considered in weighing the evidence of such agreement.

*Same—Evidence—Criminal intercourse*:   Circumstantial evidence of adulterous intimacy discussed.

*Same—Criminal intercourse*:   In a prosecution for adultery, it is not necessary for the government to establish sexual intercourse at the exact time laid in the indictment.

*Same—Marriage—Ceremony—Duress*:   Where a Chinese man and a Chinese woman form an alliance according to the marriage ceremony used in China in case of a ''first'' wife, the jury are justified in finding the marriage legal, unless there are circumstances raising doubt as to the freedom of the bride in entering into it.—Marriage under duress is invalid.

*Same—Marriage—Coercion; duress—Evidence*:   Defense of marriage under duress; circumstantial evidence discussed.

*Same—Presumption of innocence—Burden of proof—Reasonable doubt*:   Presumption of innocence, burden of proof, and reasonable doubt discussed.

*Same—Evidence—Testimony of defendant*:   The jury may not disregard the testimony of the defendant on the ground alone that he is a defendant and stands charged with commission of a crime; his testimony should be fully and impartially considered together with all other evidence in the case.

*Same—Evidence—Admissibility*:   Jury charged to disregard references arising in the course of trial, to a conviction of defendant for bigamy and to a plea of guilty on a charge of adultery.

*Same—Evidence—Circumstances—Presumptions and burden of proof*: Where a conviction is sought upon circumstantial evidence, the prosecution must not only show that the alleged circumstances are true, but, further, that such circumstances are incompatible with any reasonable hypothesis of defendant's innocence, and incapable of explanation upon any reasonable theory other than that of guilt.

*Criminal law—Evidence—Weight and sufficiency—Verdict*:   A criminal case involving much testimony and many facts should not be decided upon the probability or improbability of any one point singled out of the evidence, unless the determination of such point is decisive of the whole issue.

*Criminal Law*:   Indictment for adultery.

*W. T. Rawlins,* Ass't U. S. District Attorney, for the Government.

*J. A. Magoon* and *J. Lightfoot,* Attorneys for Defendant.

DOLE, J., charging the jury:

This is a charge of adultery against this defendant, and in order to find a verdict of guilty against him it must be shown to your satisfaction, beyond a reasonable doubt, that the woman, Dai Fook Tai, was previously married to another man, and that such marriage continued up to the time of the charge of adultery, and that no divorce from that marriage has taken place. Secondly, it must be shown that the defendant and Dai Fook Tai have had sexual intercourse with each other about the time charged. In regard to the proof of such sexual intercourse it is very rarely that the act of adultery or illicit sexual intercourse can be testified to by eye witnesses; it is more usually proved by circumstances. Such circumstances are sometimes shown by facts of undue intimacy between the parties previous to the time of the offense charged, which exhibit a sexual passion between them and sometimes consist of acts of sexual intercourse. Where such circumstances are proven and such sexual passion shown, the inference is that the parties will consummate their passion whenever a convenient opportunity is offered for them to do so. In this case there is an admission that the parties lived together as man and wife for a period of two months or more, in the year 1906, and that at other times and later than that they were living together in the same house for a considerable period, without anyone else living with them except an infant, under circumstances of intimacy and convenient opportunity under which their relations were more or less domestic in character, and that at the time of the offense charged they were living together in the same house, under such circumstances. Under this evidence and from these circumstances, if you find them shown beyond a reasonable doubt, it is for you to say whether at or about the time charged the parties were living together in an adulterous intimacy.

To find the defendant guilty as charged it is necessary that you should find that Dai Fook Tai was previously married to another man, and that such marriage continued up to and including the time of the offense charged. The prosecution has introduced evidence tending to show an intermarriage between Dai Fook Tai and Lau Kwai Sau, without the issuance of a marriage license by any official of the Territory of Hawaii. As to the question of marriage, you are instructed, in the language of the Supreme Court of the United States, that " Whatever the form of ceremony, or even if all ceremony was dispensed with, if the parties agreed presently to take each other as husband and wife, and from that time lived together professedly in that relation, proof of those facts would be sufficient to constitute proof of a marriage binding upon the parties, and which would subject them and others to legal penalties for a disregard of its obligations." *Meister v. Moore,* 96 U. S. 76, 82. If in this case you believe from the evidence, beyond a reasonable doubt, that Dai Fook Tai agreed to live with the man Lau Kwai Sau as his wife, and that such an agreement was followed by their living together, then and in that event the government has established the validity of such marriage. In order to constitute a marriage valid it is not necessary that the forms and ceremonies provided by the laws of the Territory should have been observed, but mutual consent must be shown by proof of things said and done. The defendant in this case claims that the first marriage relied upon by the government was, in truth and in fact, no marriage whatsoever, for the reason that Dai Fook Tai acted under duress.

In determining this question all of the facts surrounding the first marriage should be taken by you into consideration. If, as claimed by the government, the woman traveled some distance from Honolulu to the place where the ceremony occurred without protest to any person; if, after the ceremony, she lived with and bore children to the man claimed to be her first husband; and if during the years she lived with him she made no complaint to any person of any coercion exercised by the man

claimed to be her first husband, all of these facts should be taken by you into consideration.

The government in this case has introduced certain evidence tending to show the celebration of the marriage ceremony between Dai Fook Tai and Lau Kwai Sau, in accordance with the Chinese customs. As to this phase of the case I instruct you that such evidence was admitted only for the purpose of establishing the fact that they had mutually agreed to be husband and wife. Even though you should not be satisfied from the evidence, beyond a reasonable doubt, that all the Chinese customs relative to marriage were observed on the occasion in question, yet evidence of the observance of any of them was admissible on the question of marriage. If Dai Fook Tai and Lau Kwai Sau agreed together to be husband and wife, and such agreement was followed by cohabitation, then and in that event a valid marriage took place. As bearing on the question as to whether or not such an agreement was entered into, the observance of any or all of such customs is admissible, relevant and material.

The evidence of the marriage ceremony, according to Chinese rites, is admissible in this case, to be considered by you on the question whether a bona fide marriage according to the federal law was entered into between Lau Kwai Sau and Dai Fook Tai. These Chinese rites are only important as evidence of a marriage. It is for you to judge from the evidence whether or not they show that the parties to such ceremony were celebrating a mutual agreement freely entered into between them, to live together thereafter as man and wife. If you find beyond a reasonable doubt that they had so agreed, and that such ceremony was followed by long-continued cohabitation, you will be justified in finding that they were legally married to each other.

But if from the evidence of such ceremony you should be convinced that it was insufficient to show an agreement freely entered into between them for a marriage with a first wife, but that it was only a ceremony used by the Chinese to effectuate an alliance between a man and a concubine, you must acquit this

defendant. Much was made in the examination of witnesses of the importance of a certificate of birth to a Chinese ceremony of marriage. The testimony of the consul was somewhat uncertain on this point. It is before you, and if you should find that such certificate is essential in the minds of the Chinese to the validity of a marriage among themselves, and that there was no such certificate, it would be for you to consider whether under such circumstances Dai Fook Tai had agreed to take Lau Kwai Sau as her legal husband, as his first wife.

If two Chinese persons form an alliance according to their ceremony used for a marriage for a first or "top" wife, as one of the witnesses expressed it, I think you would be justified in finding it legal unless there were circumstances that raise a doubt as to the freedom of the bride in entering into it; if there was duress the marriage would be invalid.

In determining this case I deem it my duty to instruct you as to the policy of the law relative to the marriage contract. Under our system of government it is rightfully the policy of the law to uphold the legality of marriages wherever possible, and particularly so in cases where the relation has resulted in children being born.

The fact that Dai Fook Tai cohabited with Lau Kwai Sau, and it was considered by many people that she and Lau Kwai Sau were husband and wife, is not sufficient to show a contract of marriage to Lau Kwai Sau, yet, if there is evidence tending to show a mutual agreement to be husband and wife, subsequent cohabitation, especially if long continued, and recognition by others as husband and wife may be considered in weighing the evidence of such mutual agreement.

The indictment under which the defendant has been tried is for a violation of section 3 of an act of the Congress of the United States of America which became a law on March 3, 1887. That section provides for the punishment of persons who commit adultery, and further provides that adultery is committed when a married woman and an unmarried man, or an unmarried woman and a married man, have sexual inter-

course. If, therefore, from the evidence in this case you believe, beyond a reasonable doubt, that the defendant and one Dai Fook Tai cohabited together as man and wife, at or about the time charged, and should further believe that at the time of such cohabitation the woman, Dai Fook Tai, had a husband living, and this fact was known to the defendant, Lee Sa Kee, then in that case your verdict should be guilty.

If you believe from the evidence in this case, beyond a reasonable doubt, that the woman, Dai Fook Tai, contracted two marriages, the second with the defendant Lee Sa Kee, and that subsequent to the time the defendant Lee Sa Kee became advised of the fact that the woman had a husband living, and about the time charged in the indictment he cohabited with her, then it will be your duty to return a verdict of guilty.

Time is not material in this prosecution, and it is not necessary that the government establish sexual intercourse at the exact time laid in the indictment.

The law you must take from the court, but you are the sole judges of the facts, and under them, it is within your province to determine all questions of the credibility of witnesses and of the weight which should be given to the evidence.

Briefly stated, the indictment in this case charges the defendant with having committed the crime of adultery within the jurisdiction of this court on the 1st day of September, A. D. 1907, by having had carnal knowledge of the body of one Dai Fook Tai, a female, she being at the time of the alleged commission of the crime a married woman.

The defendant is presumed by law to be innocent of the crime charged against him, in each and all of its parts, and this presumption shields and protects him throughout each and every stage of his trial, until overcome by satisfactory evidence, which convinces you of his guilt as charged beyond all reasonable doubt; moreover, I instruct you that this presumption of innocence is not a mere form to be disregarded by you at pleasure, but it is an essential, substantial part of the law of

the land, and is binding upon you in this case, and it is your duty to give the defendant the full benefit of this presumption, and to acquit him, unless, as I have already stated, the evidence satisfies you of his guilt beyond all reasonable doubt.

Under the law no jury should convict a person charged with crime upon mere suspicion, however strong, or simply because there is a preponderance of all the evidence in the case against him, or simply because there are strong reasons to suspect him guilty. What the law requires is, before a person can be convicted of crime, not suspicion, not mere probabilities, but proof, and the proof which excludes all reasonable doubt of his innocence.

I have already instructed you that the burden is upon the prosecution, under the limitations of these instructions, to prove each and every material allegation in the indictment, and I now charge you that it is a material allegation, indeed of the essence of the crime charged, that the defendant had carnal knowledge, that is sexual intercourse at about the time named in the indictment, with Dai Fook Tai. It is not sufficient for the prosecution to show that there is a strong probability that at the time named the defendant had carnal knowledge of the body of some woman, but the evidence must satisfy you beyond reasonable doubt that he was living in adulterous intercourse with Dai Fook Tai.

I charge you that marriage is a civil contract, whereby two parties agree to live together for life as man and wife, to the exclusion of all others. There can be no valid marriage without the consent of the contracting parties, even though a form of ceremony be performed. Unless you find, therefore, beyond a reasonable doubt, that Dai Fook Tai consented to marry Lau Kwai Sau, and did in fact marry him, your verdict must be one of acquittal.

The fact that Dai Fook Tai cohabited with Lau Kwai Sau, and it was considered by many people that she and Lau Kwai Sau were husband and wife, standing alone, is not sufficient

to show a contract of marriage to Lau Kwai Sau, but these things are circumstances to be considered by the jury as tending to show a marriage.

You have no right to disregard the testimony of the defendant, on the ground alone that he is a defendant and stands charged with the commission of a crime. The law presumes the defendant to be innocent until he is proved guilty; and the law allows him to testify in his own behalf, and you should fully and impartially consider his testimony, together with all the other evidence in the case.

All references that have arisen in the course of the trial to a conviction of Dai Fook Tai for bigamy, and to a plea of guilty by defendant on a charge of adultery, must be disregarded by you.

In order to secure a conviction in this case the government must rely upon what is known as circumstantial evidence, there being no direct evidence that the defendant and the person with whom he is charged to have committed the crime of adultery were seen in the act of having sexual intercourse with each other. The theory of the prosecution is that from the circumstances which it contends have been proven in this case, you are warranted in finding the defendant guilty as charged, beyond a reasonable doubt, but I instruct you, gentlemen, as a matter of law, that where a conviction is sought upon circumstantial evidence the prosecution must not only show that the alleged circumstances are true, but, further, that such circumstances are incompatible upon any reasonable hypothesis with the innocence of the defendant, and incapable of explanation upon any reasonable theory than that of his guilt. In all criminal cases where it is sought to convict a person upon circumstantial evidence, it is not enough that all of the circumstances proved are consistent with and point to the defendant's guilt; but to authorize a conviction upon this species of evidence, the circumstances proved must not only be in harmony with the guilt of the accused, but they must be of such a char-

18—D

acter that they cannot reasonably be true in the ordinary nature of things, and the defendant be innocent.

A criminal case involving much testimony and many facts should not be decided upon the probability or improbability of any one point singled out of the evidence, unless the settlement of such point is decisive of the whole issue. A safe decision requires due consideration to be given to all the evidence in the case. In this case there are two essential points, as you are aware at this time; one is the first marriage between Dai Fook Tai and Lau Kwai Sau, and the other is proof of the living in adultery between Dai Fook Tai and the defendant, at about the time charged.

The charge has mentioned a reasonable doubt; I think you are all familiar with that. A reasonable doubt is a doubt based on reason, and not a doubt which is merely fanciful.

You will select your own foreman.